Case 1:21-cr-20079-DPG   Document 3   Entered on FLSD Dock   FILED BY____Cgriffin____D.C.

Jan 25, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 21-MJ-02131-TORRES

UNITED STATES OF AMERICA

vs.

DALLAS TERRELL SMITH,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    ___Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___Yes  _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*/s/ Christine Hernandez*
BY: CHRISTINE HERNANDEZ
Assistant United States Attorney
Florida Bar No: 15349
U.S. Attorney's Office
11200 NW 20th Street, Suite 101
Miami, Florida 33172
Tel: (305) 715-7641 / 7655
Fax: (305) 715-7639
christine.hernandez@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 21-MJ-02131-TORRES |
| DALLAS TERRELL SMITH, | ) |
|  | ) |
|  | ) |
| Defendant | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 2, 2019 through September 7, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(a)(6) and | Purchase of a firearm by means of a false statement. |
| Title 18, United States Code, Section 922(a)(1)(A) | Engaging in the Business of dealing firearms without a license. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____ ID #SA 4973
Complainant's signature

ADRIAN HALLEY, ATF Special Agent
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone.

Date: 1/25/2021

_____
Judge's signature

City and state: Miami, Florida

Honorable United States Magistrate Judge, Edwin G. Torres
Printed name and title

## AFFIDAVIT

I, Adrian Halley, being duly sworn, hereby depose and state as follows:

### AGENT BACKGROUND AND INTRODUCTION

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  I have served as an ATF Special Agent for approximately 13 years. Currently I am assigned to the Street Terror Offender Program ("STOP")/High Intensity Drug Trafficking Area ("HIDTA") Task Force. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for federal offenses, including but not limited to offenses involving firearms, firearms trafficking, and crimes of violence, as enumerated in Titles 18 of the United States Code.

2.      This Affidavit is made for the purpose of establishing probable cause in support of the arrest of Dallas Terrell SMITH ("SMITH"), who knowingly made false written statements, in violation of Title 18, United States Code, Section 922(a)(6) and dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

3.      The statements contained in this Affidavit are based on my personal knowledge, as well as information provided by other individuals, including other law enforcement officials, and my review of records and other evidence obtained during the course of this investigation. I have not included each and every fact known to me and to other law enforcement officers involved in this investigation, but only the facts sufficient to establish probable cause.

### PROBABLE CAUSE

4.      As a result of an ongoing investigation into violent crimes and gun violence in South Florida, SMITH has been identified as a straw purchaser of firearms for various individuals.

Case 1:21-cr-20079-DPG   Document 3   Entered on FLSD Docket 01/26/2021   Page 4 of 9

Many of these individuals are known gang members or are believed to be linked to active gangs in South Florida. Since 2018, law enforcement determined that SMITH had purchased approximately twenty-five (25) firearms.

5. On June 2, 2019, SMITH purchased two firearms from the Miami Police Depot, Inc. a Federal Firearm Licensee ("FFL") located at 1040 E 49th Street, in Hialeah, Florida. Prior to purchasing the firearms SMITH was required to complete a firearms transaction record otherwise known as an ATF Form 4473. According to the ATF Form 4473 completed by SMITH and the corresponding sales receipt from June 2, 2019, SMITH purchased the following firearms:

    a. Taurus, model G2C, 9 mm caliber pistol, serial number TMA71771;

    b. Taurus, model G2C, 9 mm caliber pistol, serial number TLW18212

According to the sales receipt provided by the Miami Police Depot, Inc., SMITH purchased the firearms using cash for $299.60 and $280.00 respectively.

6. Later that same day on June 2, 2019, the Taurus model G2C, 9 mm caliber pistol, serial number TMA71771, that was purchased by SMITH was recovered in the possession of C.B. by the City of Miami Police Department (MPD). Law enforcement obtained a copy of the firearms transaction record, otherwise known as an ATF Form 4473, for the firearms purchased by SMITH on June 2, 2019. On the ATF Form 4473, SMITH answered "Yes" in section 11(a), stating that SMITH was the actual transferee/buyer of the firearms listed on the form; when in fact, he was not as evidenced by the fact that C.B. was in possession of one of the guns the same day of the sale. Additionally, on the ATF Form 4473, section 2, where the individual is asked for the following: "Current State of Residence and Address Number and Street Address," SMITH listed his address

as 6736 NW 4th Avenue, Miami, Florida 33150, when in truth and in fact SMITH did not reside at that location.

7. On September 5, 2019, SMITH returned to the Miami Police Depot Inc., and purchased an additional two firearms. Prior to purchasing the firearms, SMITH was required to complete an ATF Form 4473. According to the ATF Form 4473 completed by SMITH and the corresponding sales receipt from September 5, 2019, SMITH purchased the following firearms:

    a. American Tactical, model ATI Milsport, 5.56 mm caliber rifle, serial number MSA022219

    b. Radical Firearms, model RF15, 5.56 mm caliber pistol, serial number RT04642

According to the sales receipt provided by the Miami Police Depot Inc., SMITH purchased the firearms using cash for $997.24.

8. On November 21, 2019, the Radical Firearms, model RF15, 5.56 MM caliber pistol serial number RT04642, purchased by SMITH was recovered in the possession of T.W. by the Hollywood Police Department. This was approximately seventy-seven (77) days after it was purchased by SMITH. Law enforcement obtained a copy of the ATF Form 4473 from the firearms purchased by SMITH on November 5, 2019. On the ATF Form 4473, SMITH answered "Yes" in section 11(a), stating that SMITH was the actual transferee/buyer of the firearms listed on the form; in fact, he was not. Additionally, on the ATF Form 4473, section 2, "Current State of Residence and Address Number and Street Address," SMITH listed his address as 6736 NW 4th Avenue, Miami, Florida 33150, when in truth and in fact SMITH did not reside at that address.

9. On March 16, 2020, SMITH purchased three firearms from the Miami Police Depot Inc., located at 1040 E 49th Street, Hialeah, Florida. Prior to the purchasing the firearms, SMITH filled out the ATF Form 4473. According to the ATF Form 4473 and corresponding sales receipt SMITH purchased the following firearms:

  a. Taurus, model G2C, 9 mm caliber pistol, serial number AAM110342
  b. Glock, model 19X, 9 mm caliber pistol, serial number ADKX590
  c. Century Arms, model Draco, 7.63x39 mm caliber pistol, serial number DF-2808-19

According to the sales receipt provided by the Miami Police Depot Inc., SMITH purchased the firearms using cash for $1,874.

10. On September 7, 2020, the Taurus, model G2C, 9 mm caliber, serial number AAM10342, purchased by SMITH on March 16, 2020, was recovered in the possession of J.W., a convicted felon, by the Aventura Police Department, in Aventura, Florida. The firearm was recovered approximately one hundred and seventy-five (175) days after it was purchased by SMITH. Law enforcement obtained a copy of the ATF Form 4473 from the firearms purchased by SMITH on March 16, 2020. On the ATF Form 4473, SMITH answered "Yes" in section 11(a), stating that SMITH was the actual transferee/buyer of the firearms listed on the form; when in fact, he was not. Additionally, on the ATF Form 4473, section 2, "Current State of Residence and Address Number and Street Address," SMITH listed his address as 6736 NW 4th Avenue, Miami, Florida 33150, when in truth and in fact SMITH did not reside at that location.

11. On or about November 19, 2020, law enforcement conducted an interview of SMITH. Law enforcement verified SMITH's Florida Driver's License. SMITH stated that his

Florida Driver's License was active, but he needed to update his address. According to SMITH he had not resided at the address listed on both his Florida Driver's License and the ATF Form 4473 (6736 NW 4th Avenue, Miami, Florida ) for five (5) to seven (7) years. SMITH confirmed that though he listed the 6736 address in the ATF Form 4473 he did not reside there at the time he purchased the aforementioned firearms. SMITH provided agents with his most recent address in Hallandale Beach, Florida.

12. SMITH advised he only owned a total of three (3) firearms. According to SMITH, he had sold his other firearms. SMITH told the agents that he would create a bill of sale or take a photograph of the license of the purchaser during the sale of his firearms. However, SMITH was unable to provide law enforcement with any of the bill of sales or information on the purchasers. According to SMITH, he believed the bills of sales were located in another residence, and he needed to search for them. SMITH admitted that he sold the firearms to pay his bills. Agents then informed SMITH that several of his firearms had been recovered during crimes. SMITH denied buying the firearms for other people. SMITH continued to tell agents that he had only purchased seven (7) or eight (8) firearms within the last two (2) years. According to SMITH he had sold the firearms to individuals with concealed weapon permits and to security guards. SMITH stated he only had digital copies/images of the contact information of individuals he sold the firearms to, but was unable to provide them to law enforcement because he stated his iPhone needed to be repaired. SMITH told agents that within the last six (6) years of him buying and selling firearms, he had sold "no more than ten" firearms.

13. Law enforcement informed SMITH that they have documentation regarding several firearm purchases he had made. As a result of the investigation, law enforcement determined that

5

SMITH had purchased approximately twenty-five (25) firearms within the last two (2) years. SMITH could not explain why he did not know the amount of firearms he had purchase nor could he provide law enforcement any information as to the whereabouts of those firearms.

14. Law enforcement showed SMITH a photo of C.B., the individual who on June 2, 2019 was in possession of the firearm that was purchased by SMITH on the same day. SMITH stated, "I do know him," when asked if he recognized C.B., but SMITH could not explain to law enforcement how C.B. was in possession the firearm that he (SMITH) had purchased that same day.

15. SMITH acknowledged that he would purchase firearms, then subsequently sell the firearms in order to pay his bills, which he stated was "all the time." According to SMITH, he was making approximately $50.00 more on the sale of each firearm.

16. I then showed SMITH several copies of the ATF Form 4473's that were completed by SMITH for the purchase of aforementioned firearms. While reviewing the documents, SMITH confirmed that he filled out the forms himself, and identified his handwriting and signature as being correct. SMITH confirmed that he paid cash for all the firearms he had purchased.

17. On January 5, 2021, the ATF National Licensing Center records were queried to ascertain if SMITH ever possessed a Federal Firearms License (FFL) to deal in firearms. The results of that query confirmed that, specifically during the dates of January 1, 2018 through January 5, 2021, SMITH did not possess nor had ever possessed a Federal license to deal in firearms.

## CONCLUSION

18. Based on the forgoing facts, I respectfully submit that there is probable cause to believe that SMITH did knowingly make false written statements, in violation of Title 18, United States Code, Section 922(a)(6); and deal in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Special Agent Adrian Halley
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 41 By Telephone this _____ day of January 2021.

HONORABLE EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE