UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.21-20079-CR-GAYLES(s)(s)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

vs.

DALLAS TERRELL SMITH,

        Defendant.

_____/

**SECOND SUPERSEDING INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Purchase of Firearms by Means of a False Statement**
**(18 U.S.C. § 922(a)(6))**

On or about June 2, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DALLAS TERRELL SMITH,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, the Miami Police Depot, Inc., did knowingly cause a false and fictitious written statement to be made to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that the defendant stated in the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, that:

    a.    He was the actual buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, he was not the actual buyer of the firearms.

    b.    He resided at 6736 NW 4th Avenue, Miami, Florida, when in truth and in fact, and as the defendant then and there well knew, he did not reside at that address

All in violation of Title 18, United States, Section 922(a)(6).

It is further alleged that the firearms were:

1. One (1) Taurus, model G2C, 9 mm caliber pistol, serial number TMA71771; and

2. One (1) Taurus, model G2C, 9 mm caliber pistol, serial number TLW18212.

## COUNT 2
### Purchase of Firearms by Means of a False Statement
### (18 U.S.C. § 922(a)(6))

On or about September 5, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DALLAS TERRELL SMITH,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, the Miami Police Depot, Inc., did knowingly cause a false and fictitious written statement to be made to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that the defendant stated in the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, that:

    a.    He was the actual buyer of the firearms, when in truth and in fact, and as the defendant then and there well knew, he was not the actual buyer of the firearms.

    b.    He resided at 6736 NW 4th Avenue, Miami, Florida, when in truth and in fact, and as the defendant then and there well knew, he did not reside at that address

All in violation of Title 18, United States, Section 922(a)(6).

It is further alleged that the firearms were:

1. One (1) American Tactical, model ATI Milsport 5.56 mm caliber rifle, serial number MSA022219; and

2. One (1) Radical Firearms, model RF15, 5.56 mm caliber pistol, serial number RT04642.

## COUNT 3
### Purchase of Firearms by Means of a False Statement
### (18 U.S.C. § 922(a)(6))

On or about March 16, 2020, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DALLAS TERRELL SMITH,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, the Miami Police Depot, Inc., did knowingly cause a false and fictitious written statement to be made to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the acquisition of said firearms, in that the defendant stated in the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he resided at 6736 NW 4th Avenue, Miami, Florida when in truth and in fact, and as the defendant then and there well knew, he did not reside at that address, in violation of Title 18, United States, Section 922(a)(6).

It is further alleged that the firearms were:

1. One (1) Taurus, model G2C, 9 mm caliber pistol, serial number AAM110342;
2. One (1) Glock, model 19X, 9 mm caliber pistol, serial number ADKX590; and
3. One (1) Century Arms, model Draco, 7.63x39 mm caliber pistol, serial number DF-2808-19.

## COUNT 4
### Dealing in Firearms
### (18 U.S.C. § 922(a)(1)(A))

From in or around September 2018, the exact date being unknown to the Grand Jury, and continuing through on or about November 2020, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DALLAS TERRELL SMITH,**

3

did willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).

## FORFEITURE ALLEGATIONS

1. The allegations of this Second Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DALLAS TERRELL SMITH**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 922, as alleged in this Second Superseding Indictment, the defendant shall forfeit to the United States of America any firearm involved in or used in the commission of such violation, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
CHRISTINE HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:21-20079-CR-GAYLES(s)(s)

v.

DALLAS TERRELL SMITH,

_____ /
                Defendant.

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

New Defendant(s) (Yes or No) No
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take 3 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☑ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V  ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Gayles          Case No. 21-20079-cr-Gayles
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 21-mj-02131-Torres
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                 Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the            District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
CHRISTINE HERNANDEZ
Assistant United States Attorney
FLA Bar No.    15349

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DALLAS TERRELL SMITH

**Case No:** 21-20079-CR-GAYLES(s)(s)

Counts #: 1-3

False Statement in Acquisition of a Firearm

Title 18, United States Code, Section 922(a)(6)

* Max. Term of Imprisonment: 10 years' imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Count #: 4

Engaging in Business of Dealing Firearms Without a License

Title 18, United States Code, Section 922(a)(1)(A)

* Max. Term of Imprisonment: 5 years' imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.